### W. P. KIDD v. J. H. TRUETT, COUNTY ATTORNEY.

Decided March 8, 1902.

**1.—Jurisdiction—Local Option Contest.**

The district court has jurisdiction of a local option contest based on the ground that such election could not be legally held in the territory for which it was held, or upon any ground that would render such election illegal and void. Revised Statutes, articles 1797, 1804t, 3397, construed.

**2.—Local Option Election—School District.**

Under the statute a local option election may be ordered and held for a school district lying partly in a justice precinct where local option already prevails. Rev. Stats., art. 3384. Templeton, Associate Justice, dissenting.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*Smith, Templeton & Tolbert,* for appellant.

*J. T. Suggs,* for appellee.

TEMPLETON, Associate Justice.—In December, 1901, a local option election was regularly ordered and held in school district No. 54, of Grayson County. The election resulted in favor of prohibition. The plaintiff, W. P. Kidd, who is a qualified voter of said district, instituted this proceeding to contest such election. The appellee, J. H. Truett, who is the county attorney of Grayson County, was made contestee. The said school district lies partly in justice precinct No. 2 and partly in justice precinct No. 3. The local option law was in force in the latter precinct at the time said election was ordered and held. These facts were alleged by the contestant as a basis for his contention that the election for the school district was a nullity. On a trial before the court, without a jury, judgment was rendered for the contestee, and the contestant has appealed.

The questions presented are, (1) Did the district court have jurisdiction of the contest? (2) Could a legal election be held in and for said school district?

1. Under the amendment of 1891 to the judiciary article of the State Constitution, the district courts are given jurisdiction of contested elections. It was held in Odell v. Wharton, 87 Texas, 173, that the Constitution was not self-executing because it prescribes no rules by which the jurisdiction may be enforced. Subsequently, chapter 7 of title 36, Revised Statutes of 1895, was adopted, thereby prescribing rules regulating contests of elections. It is provided by article 1797, which is a part of said chapter, that contested elections for other purposes than for the election of officers shall be tried in the district court of the county where the election was held. Contests of local option elections were provided for by article 3397, Revised Statutes of 1895, which reads as follows: "At any time within thirty days after the result of the election has been declared, any qualified voter of the county, justice precinct, or subdivision of such county, or in any town or city of such county in which such election has been held, may contest the said election in any court of competent jurisdiction, in such manner as has been or may hereafter be prescribed; and should it appear from the evidence that the election was illegally or fraudulently conducted, or that by the action or want of action on the part of the officers to whom was intrusted the control of such election, such a number of legal voters were denied the privilege of voting as had they been allowed to vote might have materially changed the result; or if it appears from the evidence that such irregularities existed as to render the true result of the election impossible to be arrived at, or very doubtful of ascertaining, the court shall adjudge such election to be void, and shall order the proper officer to order another election to be held, and shall cause a certified copy of such judgment and order of the court to be delivered to such officer upon whom is devolved by law the duty of ordering such election."

The appellee contends that under said article a local option election can be contested only when the ground of the contest consists of alleged irregularities, such as would render the true result of the election impossible to be arrived at, or very doubtful of ascertaining, which, if established, would require the court to adjudge the election void and order another election to be held. The Legislature has not undertaken to prescribe the grounds upon which any election may be contested. A proceeding like this, which attacks the validity of an election upon the ground that an election could not be legally ordered or held for the purpose or within the territory for which it was held, would be a contest of such election, and would come within the constitutional pro- such laws as would carry into effect the intention of the people. If was evidently the intention of the people, in adopting the said provision of the Constitution, to give to the district courts jurisdiction of all contested elections, and it was the duty of the Legislature to enact such laws as would carry into effect the intenetion of the people. If the laws enacted by the Legislature can be construed so as to include all the cases intended to be covered by the Constitution, such construction will be adopted. We think it was the purpose of the Legis-

lature, by enacting article 3397, to provide that a local option election may be contested upon any ground which would render such election illegal or void, and that the clause relating to the character of judgment to be entered in certain contingencies was inserted in order to secure the people of the territory to be affected in their right to have another election in such case and to prevent unnecessary delay in bringing on such election. The first part of said article indicates that it was the intention of the Legislature that the general rules of procedure regulating contested elections, as contained in said chapter 7, title 36, should be applicable to contests of local option elections. And, by article 1804t, it is provided that if the contest be for the validity of an election held for any other purpose than the election of officers, any citizen (resident) may contest such election, in the same manner and under the same rules, as far as applicable, as are prescribed for contesting an election for officers. In contests of elections for officers the jurisdiction of the courts is not limited to cases where the result of the election is incapable of being ascertained, and judgment must be entered ordering another election. Our conclusion is that in contests of local option elections, as in contests of elections of officers, the judgment to be entered depends on the nature of the grounds of the contest and the proof made thereon. If a legal election has been held and the true result declared, the contest will be adjudged to be without merit. If a legal election has been held and it be ascertained, on the trial, what is the true result, but that the true result was not declared, the judgment will give effect to the true result. If a legal election might be held and the true result can not be ascertained, the fact will be declared in the decree entered and another election ordered. If a legal election could not be held and the election contested is void for that reason, the court will sustain the contest and adjudge the election a nullity. We therefore hold that the district court had jurisdiction of this action.

2. Was the election void? By article 3384, Revised Statutes, the people of a school district are given the right to prohibit the sale of intoxicating liquor in such district. In this case, the school district lies partly in a justice precinct where the local option law prevails. The right of the people of the school district to have prohibition in their district is not affected or destroyed by reason of such fact. The election was legal and the contest is without merit. The writer does not concur in this conclusion.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.