## WHATLEY et al. v. HINES, County Atty. (No. 2695.)

(Court of Civil Appeals of Texas. Texarkana. March 1, 1923. Rehearing denied March 15, 1923.)

1. Animals ⬤50(2)—Statutory requirement for order directing stock law election directory.

The requirement of Rev. St. art. 7239, for the order directing a stock law election to be made at the next regular term after the petition is filed, is directory.

2. Animals ⬤50(2)—Court setting aside stock law election may order second election.

Under Rev. St. arts. 3063, 3077, providing that, in election contests, the court may direct proper officers to order another election, and that any resident may contest an election held for any other purpose than election to office,

where judgment was entered declaring a stock election void, the court was authorized to order a second election.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Action by G. W. Whatley and others against O. N. Hines, County Attorney. Judgment for defendant, and plaintiffs appeal. Affirmed.

Bartlett & Patman, of Linden, for appellants.

O'Neal & Harvey, of Atlanta, for appellee.

HODGES, J. On January 9, 1922, the commissioners' court of Cass county ordered a stock law election to be held throughout the county on February 25th, following. The purpose was to determine whether or not horses, mules, jacks, jennets, and cattle should be permitted to run at large. Another election, not here involved, to determine whether hogs, sheep, and goats should be permitted to run at large, was ordered at the same time and for the same date. The election was held at the time designated, and the returns made as required by law. The appellants in this suit filed a contest of that election in the district court of Cass county. Upon a hearing held on the 8th day of May, 1922, a judgment was entered declaring the election void and directing another election to be held for the same purpose on June 17th thereafter. In obedience to that decree, and without the filing of any other petitions for a stock law election, the commissioners' court and the county judge of Cass county made the necessary orders and gave the legal notices required for a second election. This election was held at the time designated, and the returns showed a majority of votes in favor of the stock law. Appellants filed another contest, assailing the validity of the second election upon several grounds. Among them were (1) that the election was not ordered at the first term of the commissioners' court after the petitions were filed, and (2) that the second election was void because the district judge had no authority, in setting aside the first election, to order a second election. There are other objections, which we do not deem it necessary to discuss.

[1] Article 7239 of the Revised Civil Statutes provides:

"Upon the filing of such petition, the commissioners' court at the next regular term thereafter shall pass an order directing an election to be held * * * on a day to be designated in the order, not less than thirty days from the date of such order."

[2] It has been held that the requirement for the order to be made at the next regular term after the petition is filed is directory. Coleman v. Hallum (Tex. Com. App.) 232 S. W. 296. The objection to the jurisdiction ex-

ercised by the district court in ordering this second election is, we think, without merit. Article 3063 of the Revised Civil Statutes provides:

"Should it appear on the trial of any contest provided for in article 3054 that it is impossible to ascertain the true result of the election as to the office about which the contest is made, either from the return of the election or from any other evidence within reach, or from the returns considered in connection with other evidence, or should it appear from the evidence that such a number of legal voters were, by the officers or managers of the election, denied the privilege of voting as, had they been allowed to vote, would have materially changed the result, the court shall adjudge such election valid, and direct the proper officers to order another election to fill said office."

The contention is that this article refers exclusively to elections to fill public offices. That argument is, we think, answered by article 3077, which is as follows:

"If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county, or precinct of a county, * * * any resident of such county, precinct, city, town or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter for contesting the validity of an election for a county office."

See, also, Kidd v. Truett, 28 Tex. Civ. App. 618, 68 S. W. 310.

We must assume, in the absence of evidence to the contrary, that the judgment of the district court, declaring the first election void and directing a second, was based upon grounds specified in the statute.

The judgment will be affirmed.