BAKER ET AL. v. THE BOARD OF SUPERVISORS OF LOUISA CO.

County Seat: BOARD OF SUPERVISORS: JUDICIAL DETERMINATION. The decision of the Board of Supervisors, that a petition asking for a submission of the question of re-locating a county seat is signed by a majority of the legal voters in the county, is judicial, and is conclusive until set aside or reversed upon appeal, writ of error, certiorari, or other method provided for direct review.

*Appeal from Louisa Circuit Court.*

THURSDAY, MARCH 18.

ON the 10th day of June, 1873, the plaintiffs, voters and tax payers of Louisa county, filed their petition alleging in

Baker v. The Board of Supervisors of Louisa County.

substance that, on the 8th of May, 1873, notice was published that at the June term of the Board of Supervisors a petition would be presented, asking that the question of the relocation of the county seat of said county be submitted to the people at the next general election. That petitions were circulated, and but 1432 names were signed to the same, and remonstrances were circulated which were signed by 1600 citizens and voters of the county, including the names of 63 persons who signed the petition. That the total number of voters in the county, as shown by the last census, was 2856, that there were signed to the petition but 1332 names of legal voters, and 100 names that were fraudulent and bogus. That the Board of Supervisors are acting partially and illegally, and transcending the limits laid down by the law, and are about to order an election and submit the question of a relocation of the county seat to vote. The petition prays an injunction, which, on the 3d day of June, 1873, the judge granted *ex parte.*

On the 10th of June, defendants filed their motion to dissolve the injunction, and, on the hearing, the injunction was so far modified as to conform to the allegation of the petition, and permit a count of the petitioners and remonstrants.

On the 20th of June the defendants filed their answer, denying that they were acting partially or illegally in the premises, and averring in substance that, after the modification of the injunction, they proceeded with the matter of the county seat, and found, after hearing all the evidence, and making full and fair investigation of the matters, that the number of petitioners asking a relocation was 1596, and that a majority of all the legal voters of said Louisa county petitioned said board for a relocation of the county seat. On the 21st of June, defendants filed a second motion to dissolve the injunction.

On the 23d of June, plaintiffs filed a supplemental petition reciting the action of the Board of Supervisors after the modification of the injunction, charging that it was illegal, in direct violation of their duties, and that a majority of the board acted partially and solely for their own interest, which

was to be subserved by a relocation of the county seat. The defendants answered, denying all the allegations of the supplemental petition. On the 23d of June, the defendants' motion to dissolve the injunction was overruled. On the 28th of September, plaintiffs filed their motion asking that the injunction be made perpetual.

On the 10th of March, 1874, the cause came on for final hearing, and the court entered the following decree:

" That there was not a majority of legal voters of Louisa county, Iowa, who signed a petition, or petitions, asking for the submission of the question of relocation of the county seat of Louisa county, Iowa, at Columbus Junction, in said county and State, as required by law. It is therefore ordered and adjudged that the injunction be made perpetual, so far as relates to the pending action and submission, without prejudice to the rights of the parties who may so desire to petition the defendants hereafter for the submission of the said question of relocation." The defendants excepted and appeal.

*Cloud & Broomhall* and *Halls & Baldwin*, for appellants.

*C. H. Phelps, Sprague & Riley, Bird & Tatlock*, and *Hurley & Lake*, for appellees.

DAY, J.—The action of the court is erroneous, and must be reversed. The exhibits attached to the petition show that there were on the petitions for relocation, after deducting illegal names and those appearing on more than one petition, 1381 names. That of those 72 signed a remonstrance, and 49 signed a re-remonstrance, leaving 1260 petitioners on the first paper. That on the remonstrance, after deducting illegal names and names appearing on more than one paper, the board found 1553 names, from which they deducted 290 names who had signed the original remonstrance, and who signed a re-petition for the submission to vote, and to which they added 39 names of those who signed the re-remonstrance, leaving the number of remonstrants 1312. To the petitioners' names the board added the names of those who had signed re-petitions, making, as they found, 1596, as the number of

persons petitioning for a relocation of the county seat, which they determined to be a majority of all the legal voters of Louisa county. The allegation of fraud and misconduct is fully denied in the answer. The evidence upon which the court below acted is not contained in the abstract. The court did not base his conclusion upon the fact of the existence of fraud or unfairness, but simply upon the fact that a majority of the legal voters of the county had not signed the petitions asking the submission of the question of relocation to vote. Sec. 4, Chap. 49, Laws of 1862, makes it the duty of the Board of Supervisors to order a vote to be taken upon the question of relocating a county seat, upon petitions presented signed by at least one-half of all the voters in the county, as shown by the last preceding census. No other tribunal is constituted for the determination of the question whether the petition is signed by the requisite number of persons, and as that question precedes, and is essential to, the making of the order, it must be determined by the board. Their decision of that question is judicial and their judgment becomes, like every other judicial determination, conclusive until reversed or set aside upon appeal, writ of error, certiorari, or other method provided for a direct review. See *Ryan v. Varga*, 37 Iowa, 78; and cases cited. See also, *The Evansville, Indianapolis & Cleveland Railroad Company v. The City of Evansville*, 15 Ind., 395; *Board of Commissioners of the County of Knox v. Aspinwall*, 21 Howard, 539; *Bennett v. Hetherington*, present term. The judgment must be reversed, the injunction dissolved, and the petition dismissed.

REVERSED.