No. 6276.

THE STATE EX REL. H. F. GOODNIGHT *v.* B. R. GOOWIN ET AL.

1. RIGHT OF ACTION—CORPORATION.—An inquiry may be made. by quo warranto, into the legality of a corporation, when the right of a person claiming to be an officer under the terms of its charter, to exercise such powers as the charter proposes to give, is called in question.
2. JURISDICTION.—The findings of a county judge under the provisions of article 508, Revised Statutes, that the territory sought to be embraced within a contemplated municipal corporation has the population required by statute, is conclusive, since the law provides no means whereby his findings may be revised.
3. ELECTION—DE FACTO OFFICERS.—When an election has been held for officers of a municipal government, at the time prescribed by the statute (Rev. Stats., 519, 345), at which election the will of the voters has been fairly expressed, and which was preceded by every legal step necessary to a valid election, except that the election was ordered by de facto officers, exercising the powers of mayor and aldermen, such election must be deemed valid.
4. CORPORATIONS.—The Legislature may make the question whether a corporation has been created or not, depend on the action and determination of some official or tribunal whose determination the courts will have no power to revise, and if this be done, in a proceeding by quo warranto against persons who assume to exercise the powers given by the act of incorporation, no inquiry could be made into the legality of the corporation.

APPEAL from Van Zandt. Tried below before the Hon. Felix J. McCord.

*S. Allen* and *Kearby & McChesney,* for relator, on their proposition that the inhabitants of a place can not be incorporated as a city in the manner prescribed in chapter 11, title 17 of the Revised Statutes of Texas, unless, at the time of incorporation, there is one thousand inhabitants or over contained within the proposed corporate boundaries; and the exercise of corporate power under pretense of incorporation without the requisite number of inhabitants is a usurpation of office and without corporate franchise, cited Revised Statutes, articles 506–508; Acts Regular Session Seventeenth Legislature, page 63.

On their proposition that unless there is a vacancy by resignation or otherwise in the municipal offices of an incorporated

city in this State, which vacancy can not be filled under the charter of said city or under the laws of this State, a county judge has no authority to order an election to fill a vacancy in a municipal office; and if a county judge should order an election to fill a vacancy in a municipal office of an incorporated city where the vacancy could be filled under the charter of said city or under the laws of Texas, in force at the time such order and election under it would be void, and the acts of the officer or officers elected thereunder would be void, they cited Revised Statutes, article 353; High's Extraordinary Legal Remedies, section 713.

On their proposition that quo warranto was the proper remedy in this case, and no estoppel or limitation has intervened to bar the action, neither did the orders of the county judge make the question of incorporation *res adjudicata,* they cited Revised Statutes Appendix, 45, or Acts of 1879, extra session, chapter 48; Brennan v. Bradshaw, 53 Texas, 332; High's Extraordinary Legal Remedies, sections 621, 622, 646, 687, 709.

*J. G. Russell,* for the appellees, relied on the following propositions:

1. The county judge was the proper officer to whom to present the application for an election to determine upon the question of "corporation" or "no corporation," and his action in the premises was not a ministerial act, but the exercise of discretion, and was a judicial finding upon "satisfactory proof" that the facts authorizing the incorporation of a city existed.

2. The county judge had jurisdiction to determine the result of the election for "corporation" or "no corporation," and his judgment in declaring the city incorporated can not now be attacked in this suit on the reasons assigned by the relator, no fraud in its procurement having been alleged.

3. The orders having been made in 1884, and the city government having since that date been quietly, peaceably and regularly administered thereunder, said orders and the government of said city ought not now to be disturbed, citing Acts Regular Session Seventeenth Legislature, page 63; Revised Statutes, articles 507, 508, 512 and 513; Anderson County v. H. & G. N. Railroad Company, 52 Texas, 228; Harrell v. Lynch, 65 Texas, 125; Graham v. Greenville, Southwestern Reporter, volume 2, number 10, page 472; Town of Coloma v. Eaves, 92 United States, 484; Marcy v. Township of Oswego, 92 United States, 638; Free-

man on Judgments, section 135; High on Extraordinary Legal Remedies, sections 631, 646 and sections 686 and 687.

STAYTON, ASSOCIATE JUSTICE. This is a proceeding by quo warranto, to question and have adjudicated the right of the respondents to exercise the powers of mayor, alderman and marshal of the city of Wills Point. There are two grounds on which the petition questions their right.

1. It alleges that the territory embraced within the limits of the city at the time an election was ordered and held to determine whether it should be incorporated, did not have one thousand inhabitants, and on this ground it is claimed that the city was never legally incorporated, and that therefore the respondents are not entitled to exercise the powers which would pertain to the offices severally claimed by them had the incorporation been valid.

The petition, however, in effect alleges, that the steps were taken required by chapter 11 of Revised Statutes, which by subsequents acts has been made applicable to the incorporation of cities and towns having one thousand and not more than two thousand inhabitants. (Act March 26, 1881, General Laws, 63; Act of April 6, 1881, General Laws, 116.)

In proceedings of this kind the great weight of authority sustains the proposition that an inquiry may be made into the legality of a corporation when the rights of a person, claiming to be an officer under the terms of its charter, to exercise such power as the charter proposes to give, is called in question. (People v. Carpenter, 24 New York, 86; The State ex rel. v. Parker, 25 Minnesota, 218; Shumway v. Bennett, 29 Michigan, 452; State v. Weatherby, 45 Missouri, 17.)

Such an issue, in such cases, whenever the claim is that the respondent bases his right to exercise the power on an act of incorporation claimed to be invalid, would necessarily arise; and the fact that the court in a proceeding against the officer would not have the power to enter a judgment that would bind the corporation de facto, unless it be made a party, ought not to deprive a court of power to try the issue of fact between the parties before it, where the existence of the facts on which the validity of the corporation depends, has not been submitted to and determined by some person, or tribunal whose determination is not open to revision by the judiciary.

The Legislature, however, may make the fact of incorporation

or no incorporration to depend on the action and determination of some official or tribunal, whose determination the courts will have no power to revise, and if this be done, in a proceeding by quo warranto against persons who assume to exercise powers given by the act of incorporation no inquiry can be made into the legality of the corporation.

The law under which it is claimed that the city of Wills Point was incorporated, requires that an election shall be ordered by the county judge whenever fifty electors residing within the territory intended to have incorporated may file an application with him. (Rev. Stats., art. 507; Gen. Laws 1881, pages 61, 116.) Before, however, the county judge is authorized to order an election, the statute requires that *satisfactory proof must be made* that the territory sought to be embraced within the contemplated corporation has the population prescribed for a municipal corporation of the given class. (Rev. Stats., art. 508.) This proof must be made to the county judge who is called upon to order the election, and no provision is made for the revision of his finding as to the population residing within the designated boundaries.

After an election has been ordered and held, the result is required to be returned to the county judge, who is required, if a majority of votes have been cast in favor of incorporation, "within twenty days after the receipt of the returns, to make an entry upon the records of the commissioners court that the inhabitants of the town (or city) are incorporated within the boundaries thereof, which shall also be designated in the entry, and a certified copy of such entry shall thereupon be recorded in the record of deeds of such county." (Rev. Stats., 513.) The succeeding article provides that "When the entry mentioned in the preceding article has been made the town (or city) shall be invested with all the rights incident to such corporations under this chapter," etc.

The petition, in effect, alleges that all these things were done, and bases the invalidity of the corporation on the sole ground that the county judge erroneously found that the requisite population existed. The statute evidently intended to make the finding of the county judge conclusive upon this question; for it provides no method by which his finding may be revised, and we are therefore, constrained to hold, from the facts stated in the petition, that the territory had the requisite population.

If the State desires to abolish a municipal corporation, created

as provided by the statute, it has ample power and means to do so, and it has placed in the hands of the people living within the corporation, a means by which they can abolish it.    (Revised Statutes, 540.)   There is no averment of fraud on the part of the county judge who passed on the questions necessary to be passed on before he could declare the corporation to have a legal exist- ence, and it is unnecessary to inquire whether such an averment could authorize the courts to revise his findings.

2.   It is urged that the respondents were not elected at an election ordered by competent authority.   The petition alleges that an election was ordered and held, soon after the city was incorporated, and that thereat certain persons were elected to the several offices held by the respondents, and that the persons thus elected, other than the marshal, on the —— day of March, 1885, ordered an election to be held for municipal officers, at which certain named persons were elected, but that during the time the officers last elected were holding the several offices, the county judge ordered an election to take place for all the municipal officers, under which, on August 13, 1885, an election was held and other persons elected. The petition alleges that the county judge ordered the election, last referred to, on the ground that the municipal offices were vacant, but it does not state the grounds on which the vacancy was claimed to exist. It does aver, however, that the persons who were elected, at the election ordered by the county judge, did qualify and assume the right to discharge the duties pertaining to their several offices, and that they did order and cause to be held an election for municipal officers on April 5, 1887, at which the respondents were elected to the several offices which they now assume to exercise.

Under contingencies named in the law, a county judge has power to order an election to fill vacancies in municipal offices within the county (Rev. Stats., art. 352); and, while the petition before us alleges, in a general way, that the municipal officers elected on April 5, 1885, were holding the several offices at the time the county judge ordered an election to fill vacancies, it does not allege that such persons had qualified, or that they were actively exercising the powers or discharging the duties pertain- ing to the several offices.

It may be, so far as we can see from the petition, that the action of the county judge was authorized by the facts; but be this as it may, the petition shows that the persons who were

elected at the election held under the order of the county judge qualified and assumed to act as mayor and aldermen of the city, and that they ordered the election to be held at which the respondents were elected.

That election was held at the time provided by the statute (Rev. Stats., 519, 345); there is no pretense that the will of the voters was not fully and fairly expressed, nor that every step necessary to a valid election was not taken, except that the election was ordered by officers de facto, whose right to act is questioned.

The election at which the respondents were elected would have been valid had the electors held an election at the time and place provided by law, without any order so to do. The election ordered by the person or persons actually exercising the powers of mayor or aldermen must be deemed valid, although such persons may have been only officers de facto.

The petition was not sufficient, and the court below correctly so held, and its judgment must be affirmed.

*Affirmed.*

Opinion delivered November 8, 1887.