**STATE ex rel. THOMPSON et al. v. LESTER et al.**

**No. 12746.**

Court of Civil Appeals of Texas. Fort Worth. April 9, 1932.

Rehearing Denied May 7, 1932.

H. S. Holman and W. O. Davis, both of Gainesville, for appellants.

W. E. Murphy, of Gainesville, for appellees.

**DUNKLIN, J.**

The commissioners' court of Cooke county passed an order consolidating two adjoining common school districts in that county, one being known as Fishcreek common school district No. 78, and the other as Loving common school district No. 89. That order was made after an election was held in both of those districts to determine whether or not the two districts should be consolidated. A canvass made by the court of the returns of the election in those two districts showed that in the Loving district No. 89, 16 ballots were cast in favor of the consolidation and none against, and in the Fishcreek district No. 78, 12 ballots were cast in favor of the consolidation and 8 against it. Those elections were held in obedience to an order of the county judge upon petitions presented to him purporting to show that a majority of the qualified voters in each respective district had signed the petition for those elections; and all steps taken thereafter were in accordance with the requirements of the statutes in such cases made and provided.

This suit is a quo warranto proceeding instituted in the district court of Cooke county by the county attorney of that county in the name of state of Texas upon the relation of Zack Thompson and J. D. McCarter, filed with the permission of that court, against the board of education of Cooke county and the boards of trustees of the two common school districts and the county superintendent of education of Cooke county, for a judgment of nullification of the consolidation of the two common school districts so made by the commissioners' court. From a judgment denying that relief, this appeal has been duly prosecuted by the state and the relators, Thompson and McCarter.

The sole ground upon which it was alleged that the consolidation of the two districts was void was that in the Fishcreek school district there were 24 qualified voters; that, while 16 names were signed to the petition praying for the election, only 9 of those persons were qualified voters, which was less than a majority of all of the qualified voters in that district, and therefore the county judge was without jurisdiction to order the election in that district. It was insisted that for lack of such jurisdiction, all of the proceedings thereafter taken were null and void.

After the petitions for the election were filed and presented to the county judge, he entered an order reciting findings by him that the requisite numbers of qualified voters in the two districts had signed the petitions for the election.

The district judge filed findings of fact and conclusions of law, which appear in the record. The findings of facts recite that there were 24 qualified voters in the Fishcreek common school district, but that only 9 of those qualified voters signed the petition for the election in that district. The petition to the county judge recites on its face that all of the 16 signers thereto were resident qualified voters in the district. The trial-judge further found that all 16 of the voters in the Loving district No. 89 cast their ballots in favor of the consolidation and that 20 ballots were cast in the Fishcreek district No. 78, 12 of which were in favor of the consolidation and 8 against.

The sole question presented here for determination is whether or not the finding by the trial court that there was a lack of signatures of a majority of the qualified voters to the petition for the election in the Fishcreek common school district No. 78 rendered all the proceedings thereafter taken null and void; in other words, whether or not the county judge was without jurisdiction to order the two elections by reason of the finding

by the trial judge that there was an absence of the signatures of a majority of the qualified voters in Fishcreek district to the petition for the election to be held in that district.

Article 2806, Rev. Civ. Statutes of 1925, as amended by the 42d Legislature (1931), c. 106 (Vernon's Ann. Civ. St. art. 2806), reads in part as follows: "On the petition of twenty or a majority of the legally qualified voters of each of several contiguous common school districts praying for the consolidation of such districts for school purposes, the county judge shall issue an order for an election to be held on the same day in each such district."

It will be observed that in the election all the ballots cast in the Loving district No. 89 were for consolidation, and that a majority of those cast in the Fishcreek district No. 78 were likewise in favor of the consolidation.

Scarborough v. Eubank, reported in 93 Tex. 106, 53 S. W. 573, 574, was a suit to contest an election which resulted in favor of the removal of the county seat of a county. The record showed that, after eliminating from the list of the signers of the petition for the election those who were not qualified voters of the county, the number of those remaining who were qualified voters was less than the number of qualified voters required by the statute to be signed to such a petition, and the contest of the election was based on the contention that, since the petition for the election was not signed by the required number of qualified voters, the county judge was without jurisdiction to order the election, and therefore the election held in pursuance of that order was null and void. That contention was overruled by our Supreme Court in the opinion written by Chief Justice Gaines, in which it was pointed out that "the important matter in every election is that the will of the voters should be fairly expressed, correctly declared, and legally enforced"; that "the question as to the manner and time of ordering the election is of trivial moment"; and that the determination by the county judge of the legal qualifications of the signers of the petition for the election was conclusive in a contest of the election. It was further said that the only purpose attributable to the Legislature in designating the number of names to be signed to such a petition is to show a reasonable probability that the election may carry, and thus avoid the expense and trouble of an election, the result of which might be adverse to the measure sought to be accomplished. In the opinion, the former decision of the same court in the case of State v. Goodwin, 69 Tex. 55, 5 S. W. 678, was cited with approval and followed. The latter case was a quo warranto proceeding by the state, as was the present suit, in which an election resulting favorably to the incorporation of the city of Wills Point was sought to be annulled by reason of the fact that the county judge who granted the petition for the election erroneously determined that the city contained the number of inhabitants requisite for incorporation under the statutes. The effort so made to invalidate the incorporation was overruled upon the conclusion reached that the decision of the county judge with respect to the number of inhabitants in the city was conclusive as against the attack made.

We have reached the conclusion that the decisions in those two cases are of controlling effect in the present suit, and that the finding by the county judge that the petition presented to him for the election in the Fishcreek school district No. 78 was signed by 16 qualified voters in that district is conclusive as against the attack made thereon in this case. And we believe that it is immaterial that the Scarborough v. Eubank Case was a suit to contest an election while the present suit was a quo warranto proceeding, since the question in each of the cases was essentially one of jurisdiction of the county court to order the election. Indeed, as pointed out, the case of State v. Goodwin was likewise a quo warranto proceeding. See, also, Williams v. Castleman, 112 Tex. 193, 247 S. W. 263; Williams v. Glover (Tex. Civ. App.) 259 S. W. 960; Sykes v. Pandora Ind. School Dist. (Tex. Civ. App.) 14 S.W.(2d) 124; 16 Texas Jurisprudence, p. 20, § 13.

We shall not undertake a discussion of the numerous decisions cited by the appellants, since we believe that substantially all of them are distinguishable from the present case upon the facts involved. But we shall briefly refer to the decisions most strongly stressed.

In Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162, it was held that the action of a commissioners' court in ordering a change of a public road so as to run through Haverbekken's land was void because the petition for the change in the road, and upon which the commissioners' court acted, was not signed by the number of qualified voters required by the statutes. But it was pointed out in that decision that the order involved the taking of Haverbekken's property, which could not be effective in the absence of a strict compliance with the statutes relative to the required number of names to the petition. Furthermore, an order for such a change of the public road, if valid, would be so by virtue of the decision of the commissioners' court, while the consolidation of the two school districts in question here derives its legal force and effect solely from the will of a majority of the qualified voters expressed in an election held therefor; the order of the commissioners' court declaring such consolidation being ministerial in its character, made mandatory by statute, and not involving the exercise of any judicial discretion.

In M., K. & T. Ry. Co. v. Tolbert, 100 Tex. 483, 101 S. W. 206, a stock law election was invalidated for lack of a sufficient description

of the territory to be affected by the election. In Ewing v. State ex rel. Pollard, 81 Tex. 172, 16 S. W. 872, and State ex rel. Mobray v. Masterson (Tex. Civ. App.) 228 S. W. 623, municipal corporations were held invalid because of an unauthorized inclusion therein of certain territory. In Crabb v. Celeste Ind. School District, 105 Tex. 194, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146, it was held that a school tax that had been voted could not be extended to reach territory thereafter annexed to the district without giving taxpayers in the annexed district an opportunity to vote on the tax.

We believe it clear that the decisions last noted have no proper application here by reason of the facts noted which negative statutory authority in the municipality to accomplish that which the elections proposed to authorize; while in the case at bar the complaint made is confined to preliminary steps taken to initiate the proceedings which culminated in a decision by a majority of the qualified voters on the merits of the issue involved.

For the reasons noted, all assignments of error are overruled, and the judgment of the trial court is affirmed.