## DRIVER et al. v. EDWARDS.

### No. 3216.

Court of Civil Appeals of Texas. Beaumont.

July 22, 1937.

Rehearing Denied Aug. 4, 1937.

Adams & McAlister, of Nacogdoches, for plaintiffs in error.

H. L. Edwards, of Nacogdoches, for defendant in error.

O'QUINN, Justice.

This is an appeal from a judgment of the district court of Nacogdoches county, Tex., upholding the validity of an election held for the consolidation of Persimmon Grove Common School District with the Woden Independent School District. There is no question as to the regularity of the election; in fact, it is conceded that same was in all respects regular.

The election was held as per order of the county judge of said county, resulting in a majority vote in favor of such consolidation in each of the districts. This suit in the nature of a contest of such election was brought by certain of the qualified voters, plaintiffs in error, residing in the Persimmon Grove Common School District, to declare the election void. Trial in the court below resulted in a judgment denying the relief sought by contestants, and declaring the election valid and the school districts legally consolidated.

We overrule plaintiffs in error's assignment that the calling of the election by the county judge of Nacogdoches county was without authority and so void. It is insisted that the county board of trustees of said county was the authorized body to call such election, and not the county judge. Article 2806, R.S.1925, as amended by Acts 1931, c. 106, § 1 (Vernon's Ann. Civ.St. art. 2806), specifically provides for such elections to be called by the county judge.

We also overrule the assignment that the call for the election was without authority, and so void, because the petition for the election, on the part of the Persimmon Grove Common School District, was not signed by the required number of resident qualified voters of said district. This contention is based upon these facts: The petition for said district was signed by twelve voters, it reciting that "we, the undersigned being a majority of the qualified voters of Persimmon Grove Common School District," etc. When the election was held there were twenty-four votes cast in that district. Article 2806, R.S.1925, as amended (Vernon's Ann.Civ.St. art. 2806), provides that "on the petition of twenty (20) or a majority of the legally qualified voters of each of several contiguous" school districts praying for the consolidation of such districts, the county judge shall order an election to determine whether such districts shall be consolidated. In the instant matter, as here before stated, twelve voters of the Persimmon Grove Common School District signed the petition for the election, and at the election twenty-four voters voted in said district. The insistence is that as the statute required twenty or a majority of the voters sign the petition, and as there were only twelve voters signed the petition and twenty-four voters voted, it follows that the petition not being signed by a majority of the legally qualified voters residing in said district the order for the election was without authority, and void.

The petition recited that it was signed by a majority of the qualified voters of said district. When the petition was presented to the county judge for his action, he issued an order for the election reciting findings by him that the petition was signed by a majority of the qualified voters of said district. At the election, of the twenty-four voters that voted at Persimmon Grove Common School District, fourteen voted for consolidation and ten against consolidation. All the votes cast at the Woden Independent School District but two voted for consolidation. The total vote in the two districts was thirty-seven for consolidation and twelve against.

Under the decisions the finding of the county judge that the petition presented to him for the election in Persimmon Grove Common School District was signed by a majority of the qualified voters of said district is conclusive against the attack upon same made here. State v. Goowin, 69 Tex. 55, 5 S.W. 678; Scarbrough v. Eubank, 93 Tex. 106, 53 S.W. 573; State ex rel. Thompson v. Lester (Tex.Civ.App.) 50 S.W.(2d) 386. In the last case cited supra the identical question here involved was determined. The decision there was carried to the Supreme Court on application for writ of error, and the writ was denied.

The judgment should be affirmed, and it is so ordered.

Affirmed.