## MIZE et al. v. COUNTY SCHOOL TRUSTEES OF GRIMES COUNTY et al.

### No. 10398.

Court of Civil Appeals of Texas. Galveston.

Nov. 24, 1937.

Rehearing Denied Dec. 16, 1937.

A. H. Spann, of Navasota, Baker, Botts, Andrews & Wharton, and P. R. Rowe, Jr., all of Houston, for appellants.

Robert W. Dean, of Navasota, and W. E. Barron, of Anderson, for appellees.

GRAVES, Justice.

The nature of this cause below, as well as that of the issues presented on this appeal therein, is thus fully set out by the appellants, who were the plaintiffs in the trial court, in their supplemental petition there:

"Plaintiffs, D. J. Mize, B. F. Cox, and P. L. Hunter, each and all qualified voters and residents of Common School District Number Twenty (20) and Iola Independent School District, respectively, both in and of Grimes County, Texas, allege that this is a direct suit in the District Court of Grimes County, Texas, to set aside and hold for naught that certain Order of the Grimes County Board of Education, dated December 11, 1934, attempting to annex Common School District Number Twenty (20) to Iola Independent School District, both of Grimes County, Texas, which Order was and is void, because it was made and passed by Grimes County Board of Education without potential jurisdiction, without authority of law, and in direct violation of the provisions of article 2742f, Vernon's Ann. Civil Statutes of Texas, for the reasons:

"1. The petition upon which said order, dated December 11, 1934, was based did not give the metes and bounds of Common School District Number Twenty (20), the area to be annexed, as required by article 2742f, Vernon's Annotated Civil Statutes of Texas.

"2. The petition upon which said order dated December 11, 1934, was based sought to annex more than ten (10) per cent of Common School District Number Twenty (20) and was not signed by a majority of the qualified voters residing in said Common School District Number Twenty (20),

290

the area to be annexed, as required by article 2742f, Vernon's Annotated Civil Statutes.

"3. That said petition sought to reduce Common School District Number Twenty (20) below an area of nine (9) square miles, as expressly prohibited by article 2742f, Vernon's Annotated Civil Statutes of Texas.

"4. That said petition sought to annex more than ten (10) per cent of Common School District Number Twenty (20) to Iola Independent School District, and said petition is not signed by a majority of the Trustees of said Common School District Number Twenty (20).

"5. That said petition sought to annex more than ten (10) per cent. of Common School District Number Twenty (20) to Iola Independent School District, and said petition does not show that the Board of Trustees of Iola Independent School District approved by a majority vote such annexation of Common School District Number Twenty (20) to Iola Independent School District."

Trial before the court without a jury, after a full hearing of the evidence from both sides, resulted in a judgment that plaintiffs take nothing against the defendants, which the learned trial judge supported with these findings of fact and conclusions of law:

"Findings of Fact:

"1. The Iola Independent School District is recognized by the County Board of School Trustees of Grimes County, Texas, and it was testified that it was incorporated by legislative acts; and that the Common School District Number Twenty (20), Grimes County, Texas, was created by legislative act; both being recognized by all of the School Authorities, and by both plaintiffs and defendants in this action.

"2. Common School District Number Twenty (20) adjoined the Iola Independent School District and had within its bounds some two (2) white children in the school age and some four (4) or five (5) negro school children, no white school being maintained in the district and the negro school being maintained largely from transfers out of the Iola Independent School District.

"3. On December 11, 1934, seven (7) people filed a petition with the County Board of Education of Grimes County, Texas, asking for annexation of the Common School District to the Iola Independent School District, and alleging that they constituted a majority of the white patrons and qualified voters of Common School District Number Twenty (20) of Grimes County, Texas, and on the same date board of trustees of Iola Independent School District filed a Waiver of notice and an agreement of the annexation and stated same was: 'in accordance with the wishes of the Board of Trustees and a majority of the qualified voters of Common School District Number Twenty (20)', and stated that the Board of Trustees of the Iola Independent School District had a meeting on October 4, 1934; a quorum being present, and voted to annex Common School District Number Twenty (20) to Iola Independent School District and on the 11th day of December, 1934, there was filed with the County Board of Education a written agreement by W. D. Hunter and Mrs. W. D. Hunter, constituting the Board of Trustees of Common School District Number Twenty (20), a Waiver of Notice, and an agreement to the said annexation.

"4. At said time and for some years prior thereto the said W. D. Hunter and Mrs. W. D. Hunter were acting Trustees of said Common School District, signed all contracts and signed all vouchers of teachers and were recognized by the County Superintendent and County Board of Education of Grimes County, as Trustees of Common School District Number Twenty (20).

"5. On December 11, 1934, the County Board of Education of Grimes County, Texas, passed an order for annexation of Common School District Number Twenty (20) to the Iola Independent School District, and recited: 'Petition of Board of Trustees of Common School District Number Twenty (20), together with petition of majority of qualified voters of said District, was presented to the County Board, and also an Order of the Board of Trustees of the Iola Independent School District requesting the County Board of Education to make such annexation.

" 'It appearing to the Board that all the legal requirements incident to the annexation of one district to another having been met, it is hereby ordered that Common School District Number Twenty (20) be annexed to and become a part of the Iola Independent School District, that the boundary lines of the Iola Independent School District be extended to include those of Common School District Number Twenty (20). The field notes of Common School

District Number Twenty (20) being attached hereto;' and in said order the field notes referred therein follow.

"6. On April 1, 1935, there was an attempt by petition to the County Board of Education of Grimes County, Texas, to re-open the matter of annexation above set out, and the said County Board passed its order on said date refusing to re-open the question of annexation; this was done on petition and recommendation to the County Board of Education that Common School District Number Twenty (20) should not be annexed and become a part of Iola Independent School District.

"7. There was no appeal from the Order of December 11, 1934, and no appeal from the Order of April 1, 1935, but this is an original suit filed in this Court on May 8, 1935, to have the order of annexation declared null and void and of no force and effect.

"8. That the petition presented to the Grimes County Board of Education, requesting the annexation of Common School District Number Twenty (20) to Iola Independent School District, upon which said Order of annexation dated December 11, 1934, was based, did not give the metes and bounds of Common School District Number Twenty (20), the area to be annexed.

"9. That the petition presented to the Grimes County Board of Education requesting the annexation of Common School District Number Twenty (20) to Iola Independent School District, upon which said Order of annexation dated December 11, 1934, was based, sought to reduce Common School District Number Twenty (20) below an area of Nine (9) square miles. It sought to have the whole of said Common School District Number Twenty (20) annexed.

"10. That the scholastic population of the Iola Independent School District on December 11, 1934, was three hundred and twenty-six (326).

"Conclusions of Law.

"1. This is a collateral attack on the Order of December 11, 1934.

"2. The finding of the County Board of Education in its Order of December 11, 1934, that the petitioners for annexation constituted a majority of the qualified voters of Common School District Number Twenty (20) imports verity and cannot be collaterally attacked.

"3. The Order of December 11, 1934, can only be attacked in a direct proceeding in the nature of a Quo Warranto, which is not done in this case, or by appeal from the County Board to the District Court of the School Authorities, neither of which was done in this case."

It otherwise undisputedly appears that the attempt to reopen the annexation matter, referred to in fact findings 6 and 7, supra, was also by the plaintiffs below, and that no appeal from the county board's refusal to so reopen was perfected by them, either to higher school authorities, or to the courts.

This court approves the action so taken below, and affirms the judgment; appellants do not in this court attack the quoted findings of fact, but relying thereon (especially upon those stated in paragraphs 8 and 9 thereof, to the effect that the petition for the annexation did not give the metes and bounds of district No. 20, and that it sought to reduce that district below an area of 9 square miles) in a single proposition of law assert the appellees' action, so consolidating the two school districts, to have been shown upon the face of this record to be utterly void, hence subject to the collateral attack made upon it herein, as being in direct conflict with the provisions of Vernon's Ann.Civ.St. art. 2742f.

No extended discussion of the issue of law thus raised is deemed necessary, since these two conclusions of the trial court appear to be clearly correct:

(1) As against this attempted collateral attack thereon, the school board's annexation or consolidation order of December 11 of 1934, together with both its recited finding that the petitioners therefor had constituted a majority of the qualified voters of district No. 20, and its appendage thereto of a description redefining the boundaries of the consolidated districts, imported verity, and was only subject to an attack in the nature of a quo warranto. Wilson v. Reed (Tex.Civ.App.) 74 S.W.2d 415; Kuhn v. City of Yoakum (Tex.Civ. App.) 279 S.W. 872, affirmed (Tex.Com. App.) 6 S.W.2d 91; Floydada Ind. School Dist. v. Shipley (Tex.Civ.App.) 238 S.W. 1026, affirmed (Tex.Com.App.) 250 S.W. 159; Mesquite Ind. School Dist. v. Gross, 123 Tex. 49, 67 S.W.2d 242; County School Trustees v. State (Tex.Civ.App.) 95 S.W. 2d 1001; Prosper Ind. School Dist. v. Collin County School Trustees (Tex.Civ.App.) 51 S.W.2d 748, affirmed (Tex.Com.App.) 58 S.W.2d 5; City of Houston v. Little (Tex.Civ.App.) 244 S.W. 247, 255, writ of

error refused; State ex rel. Thompson v. Lester (Tex.Civ.App.) 50 S.W.2d 386; Driver v. Edwards (Tex.Civ.App.) 107 S.W.2d 1109.

(2) The findings of the court in its Nos. 8 and 9, as referred to, supra, that the annexation petition both failed to give the metes and bounds description of district No. 20, and also sought to reduce it below an area of 9 square miles, were not, as a matter of law, fatal to the school board's challenged order, as directly contravening the inhibitions of Vernon's Ann.Civ.St. art. 2742f; because that article would seem to be inapplicable in an instance like this, in that it plainly appears to prescribe the requisite procedure in the annexation of a part only of one school district to another, whereas there was in the present case a bodily annexation of the whole of district No. 20 to the Iola district.

Here the county board merely returned these two districts to their original status, thereby effecting a consolidation in their entirety of two pre-existing and separate entities, rather than to do what the title of invoked Vernon's Ann.Civ.St. art. 2742f thus describes as its sole objective: "Detaching territory from one school district and attaching to another."

Pursuant to these conclusions, the order of affirmance will be entered.

Affirmed.

PLEASANTS, C. J., absent.