SCHOOL BOARD OF THE CITY OF MARSHALL, ET AL.,
v. STATE OF TEXAS, BY THE
CRIMINAL DISTRICT ATTORNEY, EX REL.
DON WARBRITTON ET AL.,

No. A-8050. Decided February 15, 1961
Rehearing overruled March 15, 1961
(343 S. W. 2d Series 247)

*Gaines Baldwin, Smith and Hall* and *Sam B. Hall,* all of Marshall, *Hart, Hart and James P. Hart,* of Austin, for petitioners.

*Jones, Brian & Jones,* of Marshall, for respondents.

MR. JUSTICE WALKER delivered the opinion of the Court.

This is a direct attack by quo warranto on an ordinace extending the corporate limits of the City of Marshall for school purposes only to embrace the territory of the Woodlawn Common School District No. 13. The ordinance is challenged on the ground that the petition requesting such extension was not signed by a majority of the resident qualified voters of the affected area as required by Article 2803, Vernon's Ann. Tex. Civ. Stat. In response to the single special issue submitted, the jury found that the petition was signed by a majority of the voters residing in District 13, and judgment was entered on the verdict upholding the ordinance and decreeing that respondents take nothing. The Court of Civil Appeals sustained eight of respondents' nine points of error, including one asserting that the finding of the jury is contrary to the overwhelming weight and preponderance of the evidence, and remanded the cause for a new trial. 337 S. W. 2d 731.

■ Article 2803 authorizes a city to extend its school limits by ordinance on a petition signed by a majority of the voters residing in the area to be annexed and recommended by a majority vote of the board of school trustees of the city. When a petition is presented, someone must decide whether it is signed by the required number of voters. We think it is clear that the power to make that determination is conferred upon the governing body of the city by necessary implication, and respondents

do not contend otherwise. No claim is made that the requested extension was not recommended by a majority of the board of school trustees, and the City Commission expressly found that the petition was signed by a majority of the resident qualified voters of District 13. The fundamental question presented by this appeal is the scope of judicial review of that finding.

■ It is settled that where the Legislature expressly or impliedly authorizes some officer or board to determine a question of fact prior to the ordering of an election for the creation of a political entity or for changing the boundaries of one already in existence without providing for a review of such preliminary finding, the administrative determination of that question is intended to be final. The finding when made is not subject to collateral attack and can be set aside in a direct proceeding only on the ground of fraud or bad faith. Scarborough v. Eubank, 93 Texas 106, 53 S. W. 573; State v. Goodwin, 69 Texas 55, 5 S. W. 678; State ex rel. Thompson v. Lester, Tex. Civ. App., 50 S. W. 2d 386 (wr. ref.); Word v. Schow, Tex. Civ. App., 68 S. W. 192 (wr. ref.); Thompson v. State, 23 Texas Civ. App. 370, 56 S. W. 603 (no writ); Driver v. Edwards, Tex. Civ. App., 107 S. W. 2d 1109 (no writ); State ex rel. Wilkinson v. Self, Tex. Civ. App., 191 S. W. 2d 756. See also Boynton v. Brown, Tex. Civ. App., 164 S. W. 893 (wr. ref.); Wolf v. Young, Tex. Civ. App., 277 S. W. 2d 744 (wr. ref. n. r. e.).

■ Respondents argue that a different rule should be applied in this case, because here the ultimate issue is decided by the authority which makes the preliminary determination rather than by a vote of the people. In some of the cases cited above the courts have noted that the decisive factor in the proceeding then under consideration was the vote at the election and not the signatures on the petition, but the real basis of the holdings there made is that the exercise of governmental authority over the system established for the administration of public affairs throughout the State is a leglislative matter. Subject to constitutional limitations, the determination of political questions such as the location of a county seat, the creation of a municipal corporation, or the relocation of school district boundaries is to be made by the Legislature or in such manner as it directs. See Walker v. Tarrant County, 20 Tex. 16; Wolf v. Young, 277 S.W. 2d 744. The Legislature has provided that some of these questions will be decided by vote of the people and others by an agency designated by it, and administrative findings that are required to be made preliminary to a determination of the ultimate

question necessarily have the same force and effect in the one situation as in the other.

It was held in Haverbekken v. Hale, 109 Texas 106, 204 S.W. 1162, that an order of the commissioners' court opening a road across the plaintiff's land was rendered void by the fact that the petition was not signed by the requisite number of freeholders, but that case involved a taking of private property under the power of eminent domain. We also recognize the holding in Mesquite Independent School Dist. v. Gross, 123 Texas 49, 67 S. W. 2d 242, that the authority designated by the Legislature has no power to act if the petition is defective on its face. The issue eventually decided by the City Commission in this case was a political one, and no private rights are at stake. Since the petition is regular on its face, we think it was sufficient to invoke the potential jurisdiction of the Commission to determine whether it was signed by the required number of voters. See West End Rural High School Dist. v. Columbus Consolidated Ind. School Dist., 148 Texas 153, 221 S. W. 2d 777. The decision in Geffert v. Yorktown Ind. School Dist., Com. App., 290 S. W. 1083, is not in point, because there is no contention that the Commission failed to take any of the steps essential to the adoption of an ordinance.

Article 2803 does not provide for a review of the preliminary finding made by the Commission, and it is our opinion that such finding is conclusive in the absence of fraud or bad faith. See State ex rel. Rea v. Ethridge, Tex. Civ. App., 20 S. W. 2d 808 (reversed by the Commission of Appeals on another ground, 32 S. W. 2d 828). Respondents alleged that the Commission refused to hear evidence, but at least one witness testified that all who wished to be heard were given an opportunity to speak. It is sufficient to say that the evidence does not show as a matter of law that the Commission acted fraudulently or in bad faith in finding that the petition was signed by a majority of the voters, and no issue presenting any such theory was submitted or requested. With the record in this condition a decree upholding the ordinance was the only judgment that could properly be entered, and none of the points of error urged in the Court of Civil Appeals is of controlling importance. See Rule 279, Texas Rules of Civil Procedure.

The judgment of the Court of Civil Appeals is reversed and that of the district court is affirmed.