379 S.W.2d 408 (1964)
RIO VISTA INDEPENDENT SCHOOL DISTRICT, Appellant,
v.
GRANDVIEW INDEPENDENT SCHOOL DISTRICT et al., Appellees.
No. 4235.
Court of Civil Appeals of Texas, Waco.
May 14, 1964.
Rehearing Denied June 4, 1964.
*409 Walker, Baker & Altaras, Cleburne, for appellant.
R. A. Kilpatrick, Cleburne, J. C. Hinsley, Austin, for appellees.
WILSON, Justice.
The appeal is from a judgment notwithstanding a jury verdict. Appellant district sued to vacate an order of the Johnson County Board of School Trustees transferring *410 territory from appellant district to appellee district under Art. 2742f, Sec. 1, Vernon's Ann.Tex.St. Appellant contends it was entitled to judgment on jury findings, and because of failure of the county board to give notice of hearing. We affirm.
Parker Independent School District, situated between appellant and appellee districts, neared the end of its usefulness. It was consolidated with appellant district by elections. Thereafter, in March, 1963, the Johnson County board considered petitions and entered an order detaching a portion of the former Parker district territory from appellant district and attaching it to appellee district. This suit promptly ensued. In July, 1963, while the suit was pending, the board entered another order, similar to the March order in all material respects. It was based on another petition purporting, as was the first, to be that of a majority of the qualified voters in the detached area.
We consider first the contention that both March and July orders were void for failure of the county board to give written notice to appellant trustees of the hearing on the petitions. All of the trustees of Rio Vista Independent School District were present at the hearing leading to the March order, except one who testified he was inactive. All trustees present had actual notice of the hearing. Failure of the county board to give formal notice under these circumstances was not a basis for vacating that order.
As to the July order, as well as the first, the territory in question was detached and annexed under the provisions of Section 1 of Art. 2742fnot Section 1-a upon which appellant apparently relies. The latter section "only applies to the creation of new districts," and not to existing districts. County School Trustees of Orange County v. District Trustees etc., 137 Tex. 125, 153 S.W.2d 434, 437. Under Section 1, relating to existing districts, it is held notice of hearing is not required to be given by the county board. Banquete Independent School Dist. v. Agua Dulce Independent School Dist., Tex.Civ.App., 241 S. W.2d 192, 193, writ refused; Prosper Ind. School Dist. v. County School Trustees, Tex.Com.App., 58 S.W.2d 5, 6; State ex rel. Blooming Grove Ind. School Dist. v. County Board of School Trustees of Navarro County, Tex.Civ.App., 334 S.W.2d 588, 590, writ ref. n. r. e. See State ex rel. Beckville Ind. School Dist. v. Tatum Ind. School Dist., Tex.Civ.App., 283 S.W.2d 802, 807, syl. 5, writ ref. n. r. e.
Appellant district argues it was entitled to judgment on jury findings (a) that the petition upon which the March order was passed did not contain a majority of the qualified voters residing in the detached area, and (b) that the county board's finding to the contrary "was the result of fraud or bad faith" on the part of that board. Art. 2742f, Section 1 provides the petition must be signed by a majority of the qualified voters residing in the territory to be detached. The undisputed evidence establishes that a majority of such voters did sign the petitions on which both the March and July orders were based. The only evidence is that there were 25 or 29 such voters residing in the territory to be detached. The petitions were signed by at least 15 of these. A "bare majority" is sufficient. Crabb v. Celeste Ind. School Dist., 105 Tex. 194, 146 S.W. 528, 529, 9 L.R.A.,N.S., 601. Appellant does not point to any evidence that the July petition was not signed by a majority of the qualified resident voters, and we find none. There is no evidence of fraud or bad faith on the part of the county board in making the finding. The board's determination is conclusive in the absence of fraud or bad faith. School Board of the City of Marshall v. State etc., 162 Tex. 9, 343 S.W.2d 247, 249.
The jury further found that the metes and bounds description of the detached area accompanying the petitions "was so vague and inaccurate that it was not possible for the County Board of School Trustees to determine with accuracy *411 the territory sought to be detached." It also answered affirmatively an inquiry as to whether the board's finding that the description was definite and accurate was the result of the board's fraud or bad faith. Appellant insists it was error to render judgment non obstante veredicto in the face of these findings. We overrule the point for these reasons: (1) The question of whether the description was legally sufficient was a question of law not within the province of the jury. Haines v. McLean, 154 Tex. 272, 276 S.W.2d 777, 781; Haley v. Murray, Tex.Civ.App., 177 S.W.2d 333, 338, writ ref. w. m.; Walker v. Maynard, Tex.Civ.App., 31 S.W.2d 168, 170. (2) The board made no such finding as was inquired about. (3) The evidence raises no issue of fraud or bad faith on the part of the board relating to the field notes. (4) The field notes are not, on their face, so vague or inaccurate as to make it impossible to accurately ascertain the territory to be detached. In actuality they clearly furnish sufficient data, including calls for survey lines and corners, creeks, public roads and state highways, and calls for bearing and distance which, with field notes of specifically named tracts identified in the description, establish that the "metes and bounds description" of the area to be detached is adequate. The only evidence we find, or on which appellant relies pertaining to this issue is that of the county surveyor that he could not definitely locate certain points called for in the field notes on a map exhibited to him. For example, he could not trace "on the map" the call: "Thence S. 60 W. 312.2 vrs. to B. F. Stout's southwest corner," or "thence N. 30 W. along Stout's west line to the S. E. corner of E. H. Thacker's 52.3 acre tract." He testified, however, that he did not thereby mean he could not locate the land "on the ground"; that he had made no effort to trace the field notes, and he could, with research, follow them on the ground. Since there appears in the field notes at least "enough to enable one by pursuing an inquiry based upon the information contained" therein "to identify the particular property to the exclusion of others, the description will be held sufficient." Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380, 383. If enough appears in the description to enable one "familiar with the locality can identify the premises with reasonable certainty, it will be sufficient." Gates v. Asher, 154 Tex. 538, 280 S.W.2d 247, 249.
Finally, appellant relies on jury findings to the effect that the petitions on which the March order was adopted "had been changed, altered or interlined or additions and omissions made thereon since the same was signed"; and that the alterations were "falsely or fraudulently made" so that the petitions as submitted to the county trustees "did not accurately reflect the wishes and desires" of the signers. These findings do not make the court's action erreoneous. Among the reasons are the following: (1) The evidence does not raise an issue that any material alteration was made. Appellant urges that numerals were inserted following petitioners' names after signature. It was shown that these numbers referred to acreage owned by the various signers. (2) One signer struck out his signature before the petition was submitted. He testified that when he signed "it had no writing like this whatever on it." His reference was to "ink marks" which consisted of asterisks designating qualified voters and the inserted words, "qualified voters and property owners." The changes shown were not material. (3) There is no evidence to show the trustees themselves made, directed or authorized any change in the petitions, or that any "false or fraudulent" conduct was attributable to them in that respect.
Appellant's points are overruled. The judgment is affirmed.