## J. V. BURKS v. THE STATE.

### No. 3401. Decided June 28, 1907.

**1.—Local Option—Indictment—Order of Publication.**

An indictment charging a violation of the local option law, which alleged that the order declaring the result of a local option election was published by the commissioners court is fatally defective. Following Carnes v. State, 50 Texas Crim. Rep., 282, 17 Texas Ct. Rep., 526.

**2.—Same—Commissioners Court—Vacating Election—Statutes Construed.**

The commissioners court under article 3390, Revised Civil Statutes, had no authority of law to vacate an order of election for local option and order another

election for the same purpose, instead of declaring the result of said first election; and the second election was void.

**3.—Same—Irregularity—Contest—Jurisdiction.**

Whether the first election was regular or irregular, fraudulent or honest as to the matters occurring on the day of the election, or whether the election was carried out properly under the law of 1905, was not a matter of adjudication by the commissioners court; these matters could be settled only in a contest in the district court. Distinguishing Holland v. State, decided at recent Dallas term.

Appeal from the County Court of Hamilton. Tried below before the Hon. D. W. Warren.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Dewey Langford,* for appellant.—After a local option election has been held courts will not permit the will of the people to be defeated by failure of officers to perform a ministerial act, and the declaring of the result of a local option election by the commissioners court is but a ministerial act. Kid v. Truett, 68 S. W. Rep., 310; Ex parte Burge, 24 S. W. Rep., 289.

*F. J. McCord,* Assistant Attorney-General; *Lee Riddle,* for the State. —Fitze v. State, 85 S. W. Rep., 1156; Holland v. State, recent Dallas Term; Koch v. State, 48 Texas Crim. Rep., 396, 88 S. W. Rep., 809; Cantwell v. State, 47 Texas Crim. Rep., 511, 85 S. W. Rep., 18; McGovern v. State, 49 Texas Crim. Rep., 35, 90 S. W. Rep., 502.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating the local option law. The indictment is the same substantially as that in the Hode Carnes case, 50 Texas Crim. Rep., 282, 17 Texas Ct. Rep., 526, and is, therefore vicious. This is conceded by the State.

Another question arises in the record, a decision of which is urged in view of the fact that there are other cases pending involving that question. It grows out of the action of the commissioners court in regard to the first election held in precinct No. 3, under which this case arose, and under which the other cases are pending, and which precinct includes two voting boxes, Fairy and Hico. The first election was ordered on February 17, and held on March 10, 1906. On the 22nd of March the commissioners court met to count the votes and declare the result of the election. Instead of declaring the result, they made the following order: "Ordered by the court: After carefully examining the returns sent in from Fairy and Hico, of the prohibition election attempted to be held at the two voting precincts on the 10th day of March, 1906, together with the certificates of the officers and oaths administered and the names of the officers making said certificates, it does not appear to the court that said election, at either of the said boxes, was held in accordance with the law of 1905, and in our judgment the various articles of said law are mandatory and unless the

same was followed, a court of competent jurisdiction, trying contests, of said election would declare said election null and void and we therefore, in order to avoid unnecessary expense and trouble, believing it to be to the best interest of all parties concerned, as well as being the law of the case, refuse to count the returns from either of said boxes." The commissioners court, after making the above entry, ordered another election to be held in April. This election was held in pursuance of said order, and the result declared favorably to prohibition. It was contended by appellant below and is urged here that the second election was void. We are of opinion this contention is sound. The question resolves itself into one of jurisdiction on the part of the commissioners court to enter the order above quoted and bring about the second election. Of course the effect of this order was, if valid, to vacate the first election without an investigation or contest. As we understand the Constitution and statutes of Texas, a prohibition election can only be set aside for reasons set out in article 3397, Revised Civil Statutes, in a contest in the district court. If this is a correct statement of the law, then the commissioners court could not set aside the election, and their only authority was to declare the result in obedience to the terms of article 3390 of the Revised Statutes. Article 1797 of the Revised Statutes, provides, "Contested elections for other purposes than the election of officers shall be tried by the district court of the county where the election was held, or either of them if there is more than one such court."

Article 3397 is as follows: "At any time within thirty days after the result of the election has been declared, any qualified voter of the county, justice precinct or subdivision of such county, or in any town or city of such county in which such election has been held, may contest the said election in any court of competent jurisdiction, in such manner as has been or may hereafter be prescribed; and should it appear from the evidence that the election was illegally or fraudulently conducted; or that by the action or want of action on the part of the officers to whom was intrusted the control of such election, such a number of legal voters were denied the privilege of voting as had they been allowed to vote might have materially changed the result; or if it appears from the evidence that such irregularities existed as to render the true result of the election impossible to be arrived at, or very doubtful of ascertaining, the court shall adjudge such election to be void, and shall order the proper officer to order another election to be held, and shall cause a certified copy of such judgment and order of the court to be delivered to such officer upon whom is devolved by law the duty of ordering such election."

The order of the commissioners court recites that it did not appear to them as a court that said election at either of said boxes was held in accordance with the law of 1905, and they further find that the various articles of said law are mandatory, and unless the same are followed, a court of competent jurisdiction trying a contest of said elec-

tion would declare the election null and void. Then as a reason for their action in setting it aside; the court further say their action was taken to avoid unnecessary expense and trouble, inasmuch as they were of the opinion that it was to the best interest of all parties concerned, as well as being the law of the case. They therefore, refused to count the vote. The very reasons they assign for the action are those that should have prompted them to declare the result and leave it to the district court where the law places it to be decided in a proper contest. Article 3397, supra, provides that if the election was illegally or fraudulently conducted or that by the action or want of action on the part of the officers to whom was entrusted the control of the election such matters occurred as rendered the election illegal, these matters constituted ground for contest, and this contest was to be instituted by some qualified voter of the territory affected by the election. By the very terms of article 3397, the commissioners court had no authority to try such contest and declare such an election illegal or void. They were, by the terms of article 3390, supra, only authorized to count the vote and declare the result. They are not empowered, nor indeed could they be granted authority by the Legislature to try contested elections in local option cases. Article 1797, supra, confers that authority upon the district court in so far as the statutory enactments are concerned, and the matter of contested elections is relegated alone to the district court by the terms of the Constitution, article 5, section 8. It may be stated here that the Constitution was amended in 1891, so as to confer jurisdiction upon the district court to try election contest; for up to that date there was no court in the State that could entertain jurisdiction of or try contested elections, and for that reason the Constitution was amended in 1891. Whether the first election was regular or irregular, fraudulent or honest as to the matters occurring on the day of the election, or whether the election was carried out properly under the law of 1905 was not a matter of adjudication by the commissioners court; these matters could be settled only in a contest in the district court. If the commissioners court had declared the result as commanded by the terms of article 3390, supra, it would have placed local option into effect in the absence of a contest, and if the election had not been set aside in proper contest in the district court, it would have been in force and there could not have been a second election until after the expiration of two years. If there had been a contest and it had resulted adversely to local option, then it was the duty of the court in which the contest was decided to order another election to be held in the territory. So in any event there is no authority for the commissioners court to refuse to count the vote and declare the first election void; the second election being without authority, would be necessarily void. This does not in any way conflict with the views expressed in Holland v. State, No. 3700, decided at the recent Dallas Term. In that case it was held that where on the trial of a local option case, the State proved a legal and valid election in 1903, result-

ing favorable to local option, the defendant in order to defeat said election offered enough of the proceedings of an election held in 1902 in same territory to show there had been an election, but did not present a legal reason why the election of 1903 was invalid. It was said that it would be *presumed* under the facts of that case that the former election was nugatory and there was no error in excluding the proceedings with reference to the prior election. That is not the question involved in this case. In regard to the election of 1902 discussed in the Holland case, supra, the election was held invalid by this court in Ex parte Conneley, and there had been a contest which had been carried to the Court of Civil Appeals, thence to the Supreme Court. See Norman v. Thompson, 96 Texas, 250. In regard to the election in 1902, in Hunt County, there had been a contest in the district court. This court held it invalid, not by reason of the matters occurring on the day of the election, under the terms of article 3390, but by reason of the fact that proper notices had not been given preceding the election. In the case now before us there was no contest; there was no result declared; the commissioners court, without authority, refused to count the vote and declare the result; declared it illegal without knowing the result, and because they were of opinion that a court of competent jurisdiction would hold it illegal. Under our statute there is no way of holding the second election in a case of this sort within two years except by contest in the district court resulting unfavorably to local option, for where the law stands in favor of local option, there can be no election contest, except after the expiration of two years. The commissioners court should have declared the result, and if any qualified voter was dissatisfied, he could have instituted a suit on a contest in the district court, and had the election vacated if the facts authorized it. We are of opinion, therefore, that the election held in April is not valid.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.