### STEPHENS et al. v. DODDS et al.
### (No. 2046.)

(Court of Civil Appeals of Texas. Amarillo. June 21, 1922.)

1. **Schools and school districts** ⊙═⟩103(2)— **Trustees cannot declare result of tax election illegal; "contest."**

The trustees of a school district had no authority under the Constitution and laws to declare the result of an election to levy a tax illegal and void, and their declaration to that effect is not binding on any one, since the district court alone has jurisdiction over the contest of an election; a "contest" meaning a suit in which the validity of the election or the correct ascertainment of the result is the subject-matter of litigation in a court having jurisdiction to hear and determine such issues.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contest.]

2. **Schools and school districts** ⊙═⟩103(2)— **Trustees can disregard void tax election and call new election on proper petition.**

If the trustees of a school district made an order for an election to levy a tax not authorized by the Constitution and laws, and for a purpose not recognized by the laws as within their power, their order was a nullity and subject to collateral attack at any time or by

any person, and did not bind the trustees any more than any other person, so that the trustees could, pending a suit to contest such election, declare it a nullity and order a new election for a proper purpose and upon a proper petition.

**3. Schools and school districts ⟷103(2)— District court cannot order new tax election if it finds first election was illegally called.**

Under Rev. St. arts. 3063, 3077, 3081, authorizing the district court in certain contested election cases where it appears that it is impossible to ascertain the true result, or that electors were denied the privilege of voting, to order a new election, the court cannot order a new election to levy a tax where the first was void because the petition and order of the trustees calling it were illegal, since the power to receive and pass upon a petition for election and make an order therefor is vested alone in the board of trustees under Acts 37th Leg. (1921) c. 24, §§ 22, 23 (Vernon's Ann. Civ. St. Supp. 1922, arts. 2860e, 2860f), and, when a power is expressly conferred by the Constitution and laws thereunder and mode of its exercise is prescribed, such mode is exclusive of all others.

**4. Schools and school districts ⟷103(2)— Void order for tax election cannot protect property owners from valid order lawfully entered.**

An order for an election to levy a tax for a school district which is void for want of power to make it is not valid for any purpose, even as a shield protecting owners of property in the district from a valid order lawfully entered.

Appeal from District Court, Fisher County; W. R. Chapman, Judge.

Suit by D. W. Stephens and others against J. M. Dodds and another to contest an election in a school district for the levy of a tax. From a judgment dismissing the suit upon plaintiffs declining to amend after general exception to the petition was sustained, plaintiffs appeal. Affirmed.

M. A. Hopson, of Roby, for appellants.

Beall, Beall & Beall, of Sweetwater, for appellees..

HUFF, C. J. This is an appeal from a judgment of the trial court upon sustaining a general exception to plaintiffs' petition and dismissing the cause upon plaintiffs' declining further to amend. D. W. Stephens and others, styling themselves contestors, sued J. M. Dodds and D. L. Langham, styled contestees, alleging, in substance, that J. M. Dodds is president and D. L. Langham is secretary of Royston independent school district No. 38, Fisher county, Tex., and other named parties members of the board of trustees. The contestants allege .they each reside in the district and are legally qualified resident property taxpayers therein and own property and are qualified voters in the district;

that on the 22d day of. June, 1921, a petition signed by J. H. McKay and others was presented to the board of trustees, asking for an election in said district to determine whether or not there should be a tax not to exceed $1 on the $100 valuation of taxable property in the district for the purpose of supplementing the state school fund; on the 22d day of June the board ordered an election to be held on the 14th day of June, 1921, and posted notices of election; that the election was held on that date, and on the 16th day of June, 1921, the board canvassed the returns and declared the election carried in favor of the tax, and on said date levied a, tax for interest and sinking fund at 25 cents and a total maintenance tax of 75 cents on the $100 valuation, and appointed the county tax assessor and county tax collector to assess and collect the taxes for the year 1921; that within 30 days the contestants filed suit in the district court of Fisher county, No. 1077, against the board, contesting the legality of said election on the ground set out in the original petition, which is attached to and made a part of the petition in this action declared upon; that at the September term of the court, and on the 5th day of September, 1921, the court entered a decree declaring the above election illegal and void, and that the same be annulled and set aside; that on the 3d day of August, 1921, after having been served with notice of the above contest and while the contest was still pending, and before they had filed an answer therein, and before a final hearing and disposition of the cause, the board of trustees met on said day, and without authority of law rescinded all of its former orders and passed an order that the election held was illegal and void and procured another petition to be presented to the board, asking for another election on the same subject, and on said date ordered an election to be held on the 3d day of September, 1921, which was held on that day, as ordered, and the board canvassed the return and declared the election had in favor of the tax; that the board had no authority under the Constitution to rescind its said order for said election held on July 14, 1921, and' no authority to declare the election thereunder illegal and void; that the district court had jurisdiction of said cause under the Constitution and laws, and until it was legally decided by such court the board was without authority to hold another election to determine if the tax should be levied. The prayer was that the court declare the second order and election null and void. The petition in the former suit was attached to the petition in this case. Therein it was alleged the former election was null and void because the petition for the election, order for election, and notice were illegal and void, on the grounds, among other things, that the district had a bond tax of 25 cents on each $100

valuation, and also a maintenance tax of 25 cents on the $100 valuation, and the same should have been an increase of the maintenance tax in the district. The attached original petition appears to be largely upon the insufficiency of the petition for the election, order, and notice therefor. The copy of the order in the petition fails to show that the tax to be voted upon was the maintenance tax for schools in that district, as required by the statutes.

[1] We agree with appellant that the trustees had no authority under the Constitution and laws to declare the result of the election held July 14, 1921, illegal and void. Its judgment so entered will not affect the matter and will not bind any one. Contested elections for other purposes than the election of officers must also be tried in the district court. If the election was illegal and fraudulently conducted, these matters constitute ground for a contest, and hence must be tried in the district court. If the trustees, on account of the conduct in holding the election, should declare the election was improperly conducted and set it aside, the board would exceed its power and would not be authorized to order a new election. Its powers in making a valid order having been exercised in ordering the election, the only power it then had was to count the vote and determine the result. This, we think, is the holding in the case of Burks v. State, 51 Tex. Cr. R. 637, 103 S. W. 850; Clary v. Hurst, 104 Tex. 423, 138 S. W. 566. In the latter case contest is defined as follows:

"And by 'contest' here is meant, we think, a suit in which the validity of the election, or the correct ascertainment of the result thereof, is the subject-matter of litigation in a court having jurisdiction to hear and determine such issues."

[2] If, however, the trustees made an order for an election not authorized by the Constitution and laws and for a purpose not recognized by the law as within their power, it was simply a nullity, and no tax could be levied or collected by virtue thereof. This would be true whether the election was ever contested or not. It was subject to collateral attack any and everywhere. The trustees were not bound by it more than any other person, and could ignore the void order and under proper petition order an election for the purpose which the law specifically empowered them to order.

[3] The district court is not granted power to order such election even after setting aside the election if it did so, because it was ordered without the power to do so. Under the chapter authorizing contest, article 3063, R. C. S., provides, if it should appear that it is impossible to ascertain the true result either from the returns or the returns considered in connection with other evidence, or where it appears the officers of the election denied the legal voters the privilege of voting, and where it appears in such class of cases, the court shall adjudge the election void and direct the proper officers to order another election. Article 3077 provides that an election held for another purpose than a general election may be contested in the same manner as far as applicable as provided for contesting election for officers. See, also, article 3081; Ernest v. Woodlee (Tex. Civ. App.) 208 S. W. 963. If, however, a legal election could not be had upon the petition or order of the trustees, and it is void for that reason, and the district court sustains the contest on that ground and adjudged the election a nullity, then that court had no authority to order an election on the petition and order which it had declared illegally entered. Kidd v. Truett, 28 Tex. Civ. App. 618, 68 S. W. 310. The power to receive and pass upon a petition for an election and make an order for the maintenance tax for public schools in the district is vested alone in the board of trustees and in no one else. Acts 37th Leg. c. 24, §§ 22, 23 (articles 2860e and 2860f, 1922 Supplement Vernon's Ann. Civ. St. Supp). It is an accepted rule, when a power is expressly conferred by the Constitution and the laws thereunder and the mode of its exercise is prescribed, that such mode is exclusive of all others. Parks v. West, 102 Tex. 11, 111 S. W. 726. If there in fact was no such order for the election as required by law, no election was held, and there was no inhibition against the trustees ordering an election under the law. The fact that they recognized such to be true before the trial court entered its decree does not affect the exercise of the lawful power vested alone in them. The appellants alleged that the petition, order, and notice for election were illegal and not authorized by the Constitution and laws, and by reason thereof the election was illegal and void; in effect, alleged there was no election held known to the law. The fact that the trustees agreed with appellants and the district court also agreed by decreeing the election so ordered void established that it was void ab initio. It was a nullity under which no right could accrue by any sort of an election. The acts of all bodies, whether by special authority or by general authority, under our system, when the authority delegated is exceeded or not performed as required by special bodies, are null and void. Railway Co. v. Randolph, 24 Tex. 317.

[4] An order for an election which is void for want of power to make cannot be valid for any purpose even as a shield protecting owners of property in a district from a valid order lawfully entered. That which is void can never be valid. Inge v. Cain, 65 Tex. 75. Where the word "void" is used to secure a right or to confer a benefit on the property, it will, as a rule, be held to mean null and incapable of confirmation. Insurance Co. v. Barr (Tex. Civ. App.) 148 S. W. 846. It being

the purpose of the Constitution and the laws thereunder to require the trustees to state the purpose of the proposed tax and that it must be for that specific purpose so named, they cannot make a valid order for any other purpose or give notice of an election for any other purpose. Moore v. Coffman (Tex. Civ. App.) 189 S. W. 94; Id., 109 Tex. 93, 200 S. W. 374; Grayson County v. Harrell (Tex. Civ. App.) 202 S. W. 160. Where a county judge in a county seat contest entered a judgment for a place not receiving a majority of the votes upon the organization of the county, it was held his order was a nullity, and that the order of the commissioners' court of the newly organized county, made subsequent to its organization, for an election to select the county seat, was valid, notwithstanding the order·made by the county judge of the organizing county. That case we think strongly persuasive as to the principle which should govern in this case. Townsen v. Mersfelder, 49 Tex. Civ. App. 289, 109 S. W. 420. We believe the order entered August 3d and the election held thereunder not invalid on the ground asserted of the previous void election held July 14, 1921, and since the election last held is not otherwise assailed, we believe the judgment of the trial court in sustaining the general exception to be correct, and that the judgment should be affirmed.