### CAMERON, County Judge, v. BAKER et al. (No. 8095.)

Court of Civil Appeals of Texas. San Antonio. Jan. 2, 1929.

Rehearing Denied Feb. 6, 1929.

Geo. P. Brown, of Edinburg, for appellant. Strickland & Ewers, of Mission, and E. A. McDaniel, of McAllen, for appellees.

FLY, C. J. In this action appellees, E. B. Baker, A. J. Stephens, J. Wade, E. L. Etter, E. E. Black, Charles Atkins, and Worman Newton, resident taxpayers of Hidalgo county, applied for and obtained a writ of mandamus, commanding A. W. Cameron, county judge, appellant, to canvass certain election returns in regard to the incorporation of common school district No. 16, into an independent school district for free school purposes only, to be known as Ed Couch independent school district, and for the election of seven trustees.

The findings of fact of the trial judge are necessarily approved by this court, as no statement of facts appears in the record. The statement is partly copied herein, and a synopsis of the other portion is given in connection therewith:

"The relators are resident property tax paying voters in the territory hereinafter described. The respondent, A. W. Cameron, county judge of Hidalgo county, Texas, was on the 1st day of January, A. D. 1928, duly elected and is now acting and qualified county judge of Hidalgo county, Texas, was on the 1st day of January, A. D. 1928, duly elected and is now acting and qualified county judge of Hidalgo county, Texas.

"On the 2d day of January, A. D. 1928, in pursuance of a petition filed by E. B. Baker and twenty (20) other persons for such purposes, and after duly hearing and considering the same, A. W. Cameron, county judge of Hidalgo county, Texas, by order of that date called an election to be held on the 21st day of January, A. D. 1928, for the purpose of determining the question of incorporating common school district No. 16, as hereinafter described, into an independent school district for free school purposes only, to be known as Ed Couch independent school district, and for the election of seven (7) trustees pursuant to the Revised Statutes of the state of Texas in such cases made and provided, which said territory for which said election was so called for incorporating the same into an independent school district is described as follows: * * *

"The county judge of Hidalgo county, Texas, issued notice of said election as required by law and caused the same to be posted as required by law, and in the manner and for the length of time required by law. Said election was called and notice is-

sued ordering the same to be held on the 21st day of January, A. D. 1928.

"Said election was duly held on the 21st day of January, A. D. 1928. The votes cast at said election were duly counted and tabulated, and said election judges made their written returns thereof to the said A. W. Cameron, county judge of Hidalgo county, Texas, showing results of said election, and the said judges immediately thereafter presented such returns and the ballot boxes containing said ballots to the said A. W. Cameron, county judge, who now has such returns, ballot boxes and ballots in his custody.

"A. W. Cameron, county judge of Hidalgo county, Texas, has at all times since the delivery of said returns and ballots to him, as aforesaid, failed and refused, and now fails and refuses, to canvass and to declare the results of said election.

"On the 18th day of January, A. D. 1928, after said election had been called and notice thereof given, as aforesaid, the said A. W. Cameron, county judge of Hidalgo county, Texas, did make and enter an order for the purpose of revoking said order of election theretofore issued and entered by him on the 2d day of January, A. D. 1928."

An order of County Judge Cameron, revoking the order of election made by him, is copied at length, in which it is stated that the election order was rescinded because the petition signed by E. E. Black and 20 others, on which the order for the election was based, was not signed by 20 legally qualified resident voters of common school district No. 16. The order of revocation was not served on the judges of the election until on or about 8:30 a. m. on January 21, 1928, while the election was being held.

It is not denied that the election was called by appellant in full compliance with the laws of Texas, and the only important question presented by the record is as to the power of a county judge to set an order calling an election and declare the same to be invalid after notices for the election have been given and all other requisites of the statute complied with, and even the voting at the election being in progress. Do the statutes authorize a county judge, after calling an election in the statutory manner upon the petition of 20 or more persons, describing themselves resident taxpayers of the school district in which the election is being held, arbitrarily and without a hearing, or any other forms prescribed by statute, to declare the election invalid and set aside all proceedings of the voters under his order?

It would be a dangerous power lodged in the hands of a county judge to issue an ex parte order to election judges, while they are holding an election, to desist further action and proceed no further in the election, and no statute has ever granted such power to a county judge. The trial judge found that the law was fully complied with by the county judge, and that law provides for no authority to the county judge other than to call the election, canvass the returns of the election officers, and declare the results. Articles 2757 and 2758, Rev. St. 1925, as amended by the Fortieth Legislature at the regular session (chapter 238, p. 353). If the election be illegally held, the matter can be inquired into and settled by the proper judicial tribunal on application of any taxpaying resident of the district. The authorities cited by appellant do not sustain his propositions, but the case cited of Ewing v. State, 81 Tex. 172, 16 S. W. 872, tends to show a lack of authority in the county judge to cancel an order of election, when once made and being carried into effect. The petition for election was signed by 20 resident qualified voters, who were taxpayers.

The judgment is affirmed.

### On Motion for Rehearing.

The only power or authority given to the county judge to pass upon the sufficiency of the petition for the incorporation of a common school district is to receive the petition therefor, and to determine the facts presented to him in support of such petition, before the order of election is given by him and notice thereof issued. His power then ceases until after the election, when he is empowered to canvass the returns and declare the result. He has no power to interfere in any manner with the election after he has issued his order for the election. The statute has not given him any authority over the election after he has once ordered it. Gen. & Sp. Laws Reg. Sess. 1927, c. 238, p. 353 et seq.

The county judge recited in his order that the facts in the petition were true, and consequently that the petitioners were resident qualified voters, and when he did that the power to stop the election was ended with him. He had no authority to inquire into the qualifications of the voters after he issued the order of election.

No special exceptions were presented by appellant to the petition for mandamus, only a general demurrer being filed, which was overruled by the court. The petition was not subject to general demurrer. The petition was sufficient to sustain the issuance of a mandamus to require the county judge to canvass the returns of the election held under his order. He had exercised all the power and authority given to him by the statute when he ordered the election, and he could take no further action in regard to the election until the returns were placed in his hands and it became his duty to canvass the returns and declare the result. He had fully adjudicated the question of the right of the signers of the petition to have an election ordered, and he had ordered it, and then ended his power and authority. There is nothing

held in the cases of Johnson v. Elliott (Tex Civ. App.) 168 S. W. 968, and Trustees of Independent School Dist. No. 57 v. Elbon (Tex. Civ. App.) 223 S. W. 1039, cited by appellant, that sustains the action of appellant in refusing to canvass the returns of the election for the school district. The statute makes it his absolute duty to canvass the returns and declare the result. Merrill on Mandamus, § 43.

There is no merit in the motion for rehearing, and it is hereby overruled.