JOSEPH M. RUMMLER ET AL V. TOM REAVLEY,
SECRETARY OF STATE

No. A-6032. Decided September 14, 1956.
Rehearing Overruled September 25, 1956.
(293 S.W. 2d Series 638)

*John Lee Smith,* of Lubbock, *Wm. Yelderman,* and *Fleming & Russell* (on motion for rehearing) of Austin, for relators.

No attorney appeared for respondent.

PER CURIAM:

Joseph M. Rummler and Mrs. J. E. Friedrichs, as chairman and secretary, respectively, of the State Executive Committee of the Constitution Party of Texas, have filed with this court a motion for leave to file a petition for mandamus directing and compelling Honorable Tom Reavley, Secretary of State, to certify to the proper election officials the name of W. Lee O'Daniel as the nominee of the Constitution Party of Texas to the office of Governor of Texas. The petition for mandamus which accompanies the motion alleges that the Constitution Party is a duly organized and recognized political party in the State of Texas, and that W. Lee O'Daniel has been regularly nominated by that party for the office of Governor of the State of Texas. It further discloses that W. Lee O'Daniel was a candidate for the Democratic nomination to that office at the Democratic primary election on July 28, 1956, at which election he was elimin-

ated from the contest, and that, therefore, his name was not on the runoff primary election held on August 25, 1956. It further alleged that W. Lee O'Daniel did not vote in the August 25 primary, but that prior to that date he had repudiated the Democratic party, and had foresworn allegiance and fealty thereto. There is no allegation that the relators did not vote in the runoff primary.

Upon the authority of Westerman v. Mims, 111 Texas 29, 227 S.W. 178, the motion will be denied. While there are some slight differences in the fact situations involved in the two cases, yet the principle upon which that case was decided is clearly applicable to, and must, therefore, govern in the instant case. Having been a candidate in the Democratic primary election on July 28, and having voted in that primary and asserted that he was a member of that party, Mr. O'Daniel assumed the high moral obligation to support the nominee of the Democratic party for governor in 1956, regardless of whether a second primary was or was not necessary. No such high moral obligation was imposed upon Weatherly or thirty-four petitioners seeking to have his name certified in Weatherly v. Fulgham, 153 Texas 481, 271 S.W. 2d 938, the principal authority relied upon by petitioners in this case.

The motion is denied.

Opinion delivered Sept. 14, 1956.

Rehearing overruled Sept. 25, 1956.