Oscar C. DANCY, County Judge, et al., Appellants,

v.

Ted R. HUNT, Appellee.

No. 13153.

Court of Civil Appeals of Texas. San Antonio.

Oct. 5, 1956.

Rehearing Denied Oct. 6, 1956.

**160**

T. Gilbert Sharpe, John A. Vivier, Brownsville, for appellants.

Fred B. Wagner, Brownsville, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Ted R. Hunt, who is the Democratic nominee for the office of County Commissioner, Precinct 1, Cameron County, Texas, in the November 6, 1956, General Election, seeking, among other things, a mandamus against Hon. Oscar C. Dancy, County Judge of Cameron County, Texas, requiring him to set aside his order heretofore made, ordering the name of Mrs. Jimmie Lee Hockaday printed on the official ballot of said general election as an independent candidate for the office of County Commissioner of Precinct 1 of Cameron County, Texas. The 138th District Court of Cameron County, after a hearing, ordered issuance of the mandamus, and Oscar C. Dancy, County Judge, and Jimmie Lee Hockaday, joined by her husband, J. A. Hockaday, have prosecuted this appeal.

In the Democratic Primary held on July 28, 1956, Ted R. Hunt was a candidate for the Democratic nomination to the office of County Commissioner of Precinct 1, Cameron County, Texas, and was nominated to that office. Thereafter, in due time, Mrs. Jimmie Lee Hockaday filed a petition with Oscar C. Dancy as County Judge asking that her name be printed on the official ballot for the General Election to be held on November 6, 1956, as an independent candidate for the office of County Commissioner of Precinct 1, Cameron County, Texas. The petition was signed by less than five per cent of the entire vote cast in Cameron County at the last General Election, but more than five per cent of the entire vote cast in Precinct 1 of Cameron County at that election. The trial judge granted the petition and ordered Mrs. Hockaday's name printed on the official ballot of the General Election as an independent candidate for the office of County Commissioner of Precinct 1 of Cameron County, Texas.

Appellants' first contention is that the court erred in granting the writ for mandamus because appellee failed to show a clear legal right for the basis of such mandamus. We sustain this contention. Our Courts have held that one who votes in the Democratic Primary Election has a moral obligation to support the nominees of that primary, but there is no legal obligation to do so. Koy v. Schneider, 110 Tex. 369, 395, 218 S.W. 479, 221 S.W. 880; Westerman v. Mims, 111 Tex. 29, 227 S.W. 178, 179; Love v. Buckner, 121 Tex. 369, 49 S.W.2d 425; Love v. Wilcox, 119 Tex. 256, 28 S.W.2d 515, 70 A.L.R. 1484.

In Koy v. Schneider, Justice Greenwood, speaking for the Supreme Court, had this to say [110 Tex. 369, 218 S.W. 483]:

"We cannot agree that the act of the Legislature infringes on any right of qualified electors under section 2 of article 6 [Vernon's Ann.St.Const.]. While it is true that no one actuated by conscientious and honorable motives will fail to support the nominees of a primary in which he or she participates, the fact remains that the primary law compels no one not satisfied with the statutory and party regulations to enter a primary. Even after participating in the primary, the qualified elector is legally free to vote as he chooses in the general election, no matter how contrary that vote may be to good conscience or to moral obliga-

tion. It would be most unreasonable to say that something amounts to an actual infringement of a person's rights, when the asserted infringement may be entirely avoided at the option of such person."

■ Mrs. Hockaday having voted in the Democratic Primary at which Ted R. Hunt was nominated to the office of County Commissioner of Precinct 1, Cameron County, Texas, owed him a moral obligation not to run against him in the general election and to support him for that office. But this moral obligation did not create such a legal right as would entitle Hunt to a mandamus, preventing her from having her name printed on the official ballot for the general election.

■ Our Courts have held that where a person in the position which Mrs. Hockaday here occupies, is refused a place upon the ballot, he cannot go into court and secure a mandamus to have his name placed upon the ballot because he comes into court with unclean hands due to his moral obligation to support the nominee of the primary, and, therefore, under principles of equity, will be denied any relief in the courts. Westerman v. Mims, 111 Tex. 29, 227 S.W. 178; Rummler v. Reavley, Tex., 293 S.W.2d 638. Here Mrs. Hockaday is not seeking an affirmative relief and therefore she is not barred by the doctrine of "unclean hands."

■ Appellee contends that the petition to have Mrs. Hockaday's name placed on the official ballot as a candidate for the office of County Commissioner, Precinct 1, Cameron County, Texas, was insufficient because it did not contain the signatures of five per cent of the entire vote cast in the County in the last General Election. It is true that Article 13.53, Election Code, Vernon's Ann.Civ.Stats., requires that an individual candidate for county office must file with the County Judge a petition containing signatures of five per cent of the entire vote cast in such County at the last General Election, and the Article is silent as to the number of signers required to a petition for an independent candidate for a precinct office. We interpret this Article as meaning that where an individual candidate is seeking to have his name placed upon the official ballot in the General Election he is required to have the petition signed by at least five per cent of the entire vote cast in such precinct at the last General Election, and, of course, these signers must have the qualifications required by the statute. See Greenwood v. City of El Paso, Tex.Civ.App., 186 S.W.2d 1015, and Attorney General's Opinion No. V–1513, dated Aug. 28, 1952.

The judgment of the trial court is reversed and the writ of mandamus and injunction granted by the trial court are dissolved, set aside and held for naught.

Reversed and rendered.

POPE, Justice (concurring).

Ted R. Hunt was nominated in the primary by the Democratic Party for the office of County Commissioner of Precinct 1, Cameron County. At that election Jimmie Lee Hockaday voted. Five per cent of the voters of the precinct then, on behalf of Hockaday, made application to the County Judge requesting that Hockaday's name be placed on the ballot for the General Election, as an independent candidate. That petition conformed to every requirement of art. 13.53, Election Code, Vernon's Ann. Civ.Stats., in our opinion. We find no law which compels the candidate to make oath of non-participation in a primary election. Weatherly v. Fulgham, 153 Tex. 481, 271 S.W.2d 938. The signers of Hockaday's application are required to make such an oath and they did. The County Judge gave consideration to the application, and caused an investigation to be made concerning the sufficiency of the signers and their qualifications. He then passed on the matter

favorably to Hockaday and ordered her name printed on the ballot. Hunt, the Democratic nominee, then filed suit in the District Court of Cameron County, seeking a mandamus compelling the County Judge to set aside his order and enjoining the County Clerk from posting election notices and printing Hockaday's name on the General Election Ballot. The District Court granted that relief and Hockaday appeals.

In my opinion, the presentation to the County Judge of the petition on behalf of Hockaday, confronted the County Judge with a duty to exercise administrative discretion. The County Judge functioned in this matter as an administrative officer, not as a judicial officer. Wolf v. Young, Tex. Civ.App., 277 S.W.2d 744. Courts possess the power to compel the exercise of that discretion, but have no power to tell the administrator what his discretion is. If the statutes prohibited the action taken by the County Judge, we could treat his action as arbitrary. We have been pointed to no statutory prohibition against the exercise of his discretion and his making a decision. We are faced with the argument that a candidate has a moral duty not to run as an independent candidate if he has voted otherwise in the primary. The Supreme Court has declared that such a situation imposed upon Hockaday a moral duty only. Rummler v. Reavley, Tex., 293 S.W.2d 638; Westerman v. Mims, 111 Tex. 29, 227 S.W. 178. In those cases, the candidate and those on his behalf were denied relief. The administrator vested with the discretion in those cases exercised discretion against them, and that, together with their bad political manners, defeated their right to upset the administrator's decision. But in the instant case the administrator determined that Hockaday conformed to the law and then exercised his discretion for the candidate. We are called upon to reverse that exercise of discretion. To do so, we must conclude that the County Judge acted arbitrarily. The most that this record shows is that Hockaday complied with all the law requires, but violated a moral duty. For us to hold that a county judge

acted arbitrarily because he failed properly to weigh a moral duty of the candidate is quite different from a denial as an original matter by the County Judge of an application upon that basis. The examination of the application and the weighing of moral duty was the function of the administrator. For an appellate court to hold that an administrator acted arbitrarily because the applicant, though meeting every statutory requirement for a place on the ballot, had violated a moral obligation, would give a new and dangerous approach to the meaning of administrator's discretion. It is not our judicial duty to exercise the discretion, but to determine whether an administrator abused his discretion. In my opinion he did not. On this record, if he had determined the question the other way, he would not have abused his discretion. We cannot substitute our idea of discretion for that of the statutory administrator—in this case the County Judge.

The judgment which upset the administrative exercise of discretion by the County Judge should be reversed and vacated.