**J. W. HELTON et ux., Appellants,**

v.

**Honorable Tom TODD, Appellee.**

No. 17317.

Court of Civil Appeals of Texas,
Fort Worth.

May 26, 1972.

Rehearing Denied June 23, 1972.

Llewellyn & Kerr, Dallas, L. A. Nelson, Denton, McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, and Atwood McDonald, Fort Worth, for appellants.

John Lawhon, Coleman, Whitten & Philips, and Michael J. Whitten, Denton, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from a judgment denying issuance of a writ of mandamus.

When more than 200 and less than 10,000 inhabitants live together in a collection of inhabited homes in a close proximity as a town or village and desire to incorporate such town or village they may do so by complying with the terms and provisions of Articles 1133 et seq., Vernon's Ann.Civ.St. These statutes provide in detail the procedure to be followed.

The appellants, J. W. Helton and wife, Geneva Helton, and others (more than 20 persons) in full compliance with the above statutes filed their petition requesting Tom Todd, County Judge of Denton County, to order an election for the purpose of incorporating an area situated in Denton County, properly described, under the name of Corral City. The petition, accompanied by a list of the names of 207 purported residents of Corral City was presented to the County Judge on August 20, 1971. On the same date the County Judge, finding that all of the statutory requirements had been fully complied with, made and entered his order calling for said election and set September 4, 1971, as the date for holding such. Notice of said election was duly posted on August 23, 1971.

Thereafter on August 30, 1971, the County Judge entered an order purportedly revoking his order of August 20, 1971, and cancelling the election set for September 4, 1971.

The August 30, 1971, order recited that the respondent had found on the basis of satisfactory proof which had been brought to his attention that Corral City did not contain 207 inhabitants or more as was represented to him in the application of August 20, 1971.

The election was held on September 4, 1971, pursuant to the court's original order of August 20, 1971, and in full compliance with the statutes. The returns from the election were tendered to the County Judge on September 10, 1971, for his acceptance, canvassing of the votes, and for a declaration of the results of the election. On the same date the (respondent) County Judge

entered an order by which he declined to canvass the votes and to declare the results of the election.

At this point the appellants, alleging that the action of the County Judge in disregarding such election was arbitrary and without legal cause or reason, filed their writ of mandamus. Trial was to the court on stipulations without a jury.

The appeal is based upon eleven points of error which attack the findings of fact and conclusions of law which were made and filed by the District Court Judge.

The proceeding in the District Court was not appellate in nature to decide whether or not the evidence before the County Judge supported his August 30, 1971, order nor was the court's judgment based upon any original findings concerning the number of inhabitants in the area in question. A motion in limine granted by the court precluded the offer of any testimony as to this matter. There was no evidence before the District Court on the number of inhabitants. The cause before the District Court was not a quo warranto proceeding. No question of fraud was alleged or shown.

The case presented to the District Court and now to this Court on appeal involves the single question of whether or not the County Judge of Denton County had any lawful authority to entertain a proceeding in the nature of a motion for a new trial or a motion for rehearing which would afford to him the right to rescind the order he signed and entered on August 20, 1971, calling for and setting the date for an election.

We find and hold that the County Judge had no authority under the statutes to revoke the election order of August 20, 1971. The order of August 20, 1971, which set in motion the election process was final and conclusive. Arberry v. Beavers, 6 Tex. 457 (1851); Perkins v. Ingalsbe, 162 Tex. 456, 347 S.W.2d 926 (1961), and Hills and

Dales v. Reeves, 459 S.W.2d 672 (San Antonio, Tex.Civ.App., 1970, writ dism.).

The appellee relies primarily upon the case of Beyer v. Templeton, 208 S.W.2d 692 (Dallas, Tex.Civ.App., 1947, affirmed 147 Tex. 94, 212 S.W.2d 134, 1948). Other cases cited by the appellee involve quo warranto proceedings. In our opinion none of the cases cited by the appellee are applicable to the facts of this case.

The judgment of the District Court is reversed and judgment here rendered for the appellants awarding to them the relief they sought in the trial court.